```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

  SHASHALA MCGREGOR,

                    Plaintiff,              MEMORANDUM & ORDER
                                             24-CV-6951 (EK)(TAM)

              -against-

  THE CITY OF NEW YORK, OFFICER LATISHA
  A. CAESAR, SERGEANT JOHN T. COLLINS,
  OFFICER NICHOLAS G. COUVARIS, OFFICER
  JOSE A. GUTIERREZ, SERGEANT WILLIAM
  PELLEGRINO, JOHN / JANE DOES #1-10,
  RICHARD / RACHEL ROES #1-10, ROMEL
  REUBEN, and DANIELLE DEANE HAREWOOD,

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Shashala McGregor brought this action against the City of New York, various officers of the New York City Police Department, her ex-boyfriend Romel Reuben, and her ex-boyfriend's partner Danielle Harewood. McGregor filed her complaint in early October 2024. Reuben and Harewood have now moved to dismiss the complaint for improper service of process. For the reasons stated below, their motions are denied.

## I. Legal Standard

When a defendant moves to dismiss for improper service, the plaintiff must show that service was proper. *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010). But absent a "full-blown evidentiary hearing on the [dismissal]

motion," the plaintiff need only make a prima facie showing of proper service. *Blau v. Allianz Life Ins. Co. of N. Am.*, 124 F. Supp. 3d 161, 173 (E.D.N.Y. 2015).[1] A process server's affidavit constitutes such prima facie evidence. *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013). To rebut the presumption of proper service that then arises, a defendant must swear to "specific facts [that] rebut the statements in the process server's affidavits." *Id.*

## II.  Discussion

### A. McGregor Has Stated a Prima Facie Case of Proper Service

The defendants in this case are individuals who reside in New York. So, McGregor had several options for proper service of process. Fed. R. Civ. P. 4(e). Two are relevant here. First, McGregor could leave a copy of the summons and complaint at the defendants' "dwelling[s] or usual place[s] of abode" with persons of "suitable age and discretion" who resided there. Second, she could follow New York law for service of process. *Id.*

McGregor has submitted affidavits indicating that she took both paths. In the first two, filed in November 2024, a process server attested that he had delivered the summons and complaint to persons of "suitable age and discretion" who lived

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

at the defendants' homes.  Nov. Aff. of Service on Harewood, ECF No. 6; Nov. Aff. of Service on Reuben, ECF No. 7.[2]  Specifically, he averred that he left the documents with one of Reuben's adult relatives and with an adult "co-tenant" of Harewood.  *Id.*

One month later, another process server filed two more affidavits, stating that he had tried and failed to contact the moving defendants at their homes.  So, he affixed copies of the summons to the defendants' doors, and then mailed them copies via the United States Postal Service.  Dec. Aff. of Service on Reuben, ECF No. 23; Dec. Aff. of Service on Harewood, ECF No. 24.  This comports with New York law, which states that when personal or residential service "cannot be made with due diligence," a plaintiff may "affix[] the summons to the door" of the defendant's usual place of abode and then "mail[] the summons to [the defendant's] last known residence."  N.Y. C.P.L.R. § 308(4).

Thus, McGregor has sufficiently stated a prima facie case of proper service.[3]

---

[2] McGregor filed amended versions of these affidavits shortly after the defendants moved to dismiss for improper service.  *See* ECF Nos. 17, 18.  For purposes of this order, the amended versions are substantially identical to the original versions.

[3] An affidavit of service must "disclose certain essential facts."  *G&G Closed Cir. Events, LLC v. Narine*, No. 20-CV-4271, 2021 WL 7906548, at *3 (E.D.N.Y. Dec. 13, 2021), *report and recommendation adopted*, 2022 WL 950449 (E.D.N.Y. Mar. 30, 2022).  These facts include "where the defendant was served, the documents that the defendant was served, and whether a person of suitable age and discretion was served."  *Id.*  When a plaintiff effects service in accordance with New York law, the affidavit must also describe the person served.  *Id.* at *3 n.3.  These essential facts were in the affidavits, and the defendants do not argue otherwise.  *See* ECF Nos. 17, 18.

3

**B.     The Defendants Have Not Rebutted the Prima Facie Case**

The defendants have not submitted sworn statements contradicting either the November or December affidavits of service.  Instead, they rely on unsworn letters to the Court — submitted in early November 2024 — in which they deny that they were served properly.  *See* Reuben Mot. to Dismiss, ECF No. 15; Harewood Mot. to Dismiss, ECF No. 16.  It is well-settled that the "mere denial of receipt of service . . . is insufficient to overcome the presumption of validity of the process server's affidavit."  *Nolan v. City of Yonkers*, 168 F.R.D 140, 144 (S.D.N.Y. 1996) (collecting similar authorities).

Moreover, the defendants' letters focus exclusively on the November service of process.  They say nothing about the December service, which is also supported by affidavits and therefore entitled to a presumption of validity.  *See De Curtis*, 529 F. App'x at 86.  So, even granting the defendants' argument that the November service was defective, the subsequent December service — which occurred within ninety days of McGregor filing her complaint — would preclude relief.  *See* Fed. R. Civ. P. 4(m) (plaintiff may serve defendant within ninety days of filing complaint); *Couloute v. Mercury Mortg. Inc.*, No. 01-CV-1823, 2001 WL 34315008, at *2 (D. Conn. Dec. 13, 2001) ("A motion to dismiss filed within the relevant time period [of Rule 4(m)]

4

affords plaintiff the opportunity to cure any defects in service of process . . . until the expiration of [that] period.").

### III. Conclusion

For the foregoing reasons, the motions to dismiss for improper service are denied.

SO ORDERED.

        /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   April 7, 2025
         Brooklyn, New York